IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 21-300 |
| RANDY FRASINELLI | |

**SUPPLEMENT TO SENTENICNG MEMORANDUM**

AND NOW, comes the United States of America, by its attorneys, Troy Rivetti, Acting United States Attorney for the Western District of Pennsylvania, and Jeffrey R. Bengel, Assistant United States Attorney for said district, and respectfully files this supplemental sentencing memorandum.

The defendant, Randy Frasinelli, has pled guilty to defrauding the Paycheck Protection Program of more than $3.8 million, which he used to pay for luxury vehicles, a villa in Mexico, an East-African safari, precious metals, watches, works of art, and firearms, among other items. On February 22, 2023, Frasinelli filed his sentencing memorandum, arguing that he should not receive any additional jail time in connection with those offenses.

As support, he submitted fourteen character letters, marked as Composite Exhibit B. One is drafted by a purported resident of Mexico, who has not been contacted by agents. The remaining thirteen letters purport to have been drafted by people in politics, finance, business, technology, and charitable organizations, and praise Frasinelli highly for his professional skill, generosity, and sincerity. As the government will prove at sentencing, those letters are forgeries.

Frasinelli's continued deceit, which has now targeted the Court, impacts his sentencing in several ways. First, Frasinelli should lose all credit for the acceptance of responsibility. Under the plea agreement, the United States had agreed to recommend a two-level reduction. *See* (Doc.

1

No. 84-1) ¶ B.3.  Importantly, however, it also reserved the right to withdraw that recommendation in the event that Frasinelli "act[ed] in a manner inconsistent with acceptance of responsibility." *See id*.  The Sentencing Guidelines make clear that defendants who obstruct justice ordinarily forfeit any reduction for the acceptance of responsibility.  *See* U.S.S.G. § 3E1.1 cmt. 4.  And there can be no doubt that Frasinelli's conduct—which involved "providing materially false information to a judge"—was obstructive.  *See* U.S.S.G. § 3C1.1 cmt. 4(F).  "This sort of post-plea obstructive conduct almost certainly disqualifies a defendant from receiving an acceptance-of-responsibility adjustment."  *United States v. Rickert*, 685 F.3d 760, 768 (8th Cir. 2012) (no acceptance of responsibility reduction for defendant who submitted forged letters with his sentencing memorandum "in an attempt to influence the court's sentencing decision").

Second, after forfeiting Frasinelli's reduction for acceptance of responsibility, the Court should recalculate Frasinelli's total offense level and guideline range.  Instead of 26, Frasinelli's total offense level should be 28.  Instead of 63 to 78 months, Frasinelli's advisory guideline range should be 78 to 97 months.  That recalculation is permitted by the offense level stipulations in Frasinelli's plea letter, which produced a total offense level of 28 before affording Frasinelli a two-level reduction for the acceptance of responsibility.  *See* (Doc. No. 84-1) ¶¶ 7–10.  But that reduction only applied if it was "consistent with the [acceptance-of-responsibility] provisions of paragraph B(3)."  *Id.* ¶¶ 9, 10.  Those are the provisions that Frasinelli has now breached, losing his two-level reduction in the process.

Third, the Court should sentence Frasinelli to at least 97 months in prison, at the high end of his new guideline range.  Frasinelli has earned every point of the offense level that produced his guideline range.  Indeed, if not for the stipulations in his plea agreement, his recent obstruction of justice would have pushed his offense level and guideline range even higher.  A sentence at the

top of Frasinelli's advisory guideline range is also consistent with the outrageous nature of his conduct. Since the summer of 2020, Frasinelli has been unwaveringly deceptive—toward the financial institutions that loaned him $3.8 million; toward the federal law enforcement agencies that investigated his fraud; toward his first attorney, who negotiated with the government on his behalf; and toward his third attorney, who is arguing his case at sentencing. Now, Frasinelli has attempted to deceive this Court into giving him a more lenient sentence than his offenses deserve. At every turn, Frasinelli's conduct has betrayed a complete lack of respect for the law. Just as Frasinelli felt entitled to $3.8 million of pandemic-relief money, he evidently feels entitled to escape the consequences of his crimes. The Court must impose a sentence that holds him accountable.

Fourth, the Court should deny any motions to continue Frasinelli's sentencing. Since February 2021, when agents of the FBI and IRS executed federal warrants at his home, Frasinelli must have known that he had no defense to this case. Nonetheless, it has taken more than two years, two criminal complaints, two arrests, an indictment, and three defense attorneys to arrive at this point. It is time for Frasinelli to be sentenced. The government's discovery of his continued fraud should not be construed as good cause to defer the conclusion of this case. *See* Fed. R. Crim. P. 45(b) (allowing for extensions of time based on a showing of "good cause").

Finally, at the conclusion of his sentencing hearing on March 29, 2023, Frasinelli should be taken directly into the custody of the United States Marshals. After attempting to deceive the Court in connection with his sentencing, Frasinelli cannot credibly promise the Court to self-report to the Bureau of Prisons.

    Respectfully submitted,

    TROY RIVETTI
    Acting United States Attorney

    By: */s/ Jeffrey R. Bengel*
        JEFFREY R. BENGEL
        Assistant U.S. Attorney
        DC ID No. 1016821